NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **VOLKSWAGEN GROUP OF AMERICA, INC.,**
*Petitioner*

2021-149

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-01131-ADA, Judge Alan D. Albright.

**ON PETITION**

Before TARANTO, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

## O R D E R

Volkswagen Group of America, Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to dismiss or to transfer to the United States District Court for the Eastern District of Michigan.  Alternatively, Volkswagen seeks to stay all deadlines unrelated to venue until the district court rules on the pending motion to dismiss or transfer.

StratosAudio, Inc. filed this patent infringement suit in December 2020 in the Western District of Texas against Volkswagen.  On February 19, 2021, Volkswagen filed a

motion to dismiss for improper venue, or alternatively, to transfer to the Eastern District of Michigan.  The motion was fully briefed as of March 12, 2021.

On May 4, 2021, the parties were directed via email to file a joint proposed scheduling order that included a *Markman* hearing for October 4, 2021.  The parties were subsequently informed on May 17, 2021 that, while "[t]he Court will not stay the cases pending rulings on the motions to dismiss/transfer," "[p]ursuant to the Court's Standing Order Regarding Motion(s) for Inter-District Transfer, the Court will rule on these motions before [the] Markman hearing."  Appx0008.  Volkswagen filed this petition seeking mandamus on June 4, 2021.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted).  Under the well-established standard for obtaining such relief, the petitioner must:  (1) show that it has a clear and indisputable legal right; (2) show it does not have any other method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). Volkswagen has not met that standard.

Volkswagen has not shown that it is unable to obtain a ruling on its venue motion in a timely fashion without mandamus.  The district court has indicated that it will resolve that motion before it conducts a *Markman* hearing in this case.  Nor has Volkswagen presently shown a clear legal right to stay all non-venue-related deadlines.  We note, however, that the district court's failure to issue a ruling on Volkswagen's venue motion before a *Markman* hearing may alter our assessment of the mandamus factors.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

IN RE: VOLKSWAGEN GROUP OF AMERICA, INC.                3

FOR THE COURT

June 29, 2021          /s/ Peter R. Marksteiner
Date                   Peter R. Marksteiner
                       Clerk of Court

s35